B&G BURNHAM & GOROKHOV
AN ASSOCIATION OF INDEPENDENT FIRMS
1634 I Street NW, Suite 575 | Washington, DC 20006

Jonathan Knowles, Esq.
*Licensed to practice in New York and the District of Columbia*
jonathan@burnhamgorokhov.com
202-386-6920 ext. 105

July 1, 2026

**VIA ELECTRONIC FILING**

Clerk of Court
Fourth Circuit Court of Appeals
1100 East Main Street, Suite 501
Richmond, VA 23219

**Re: *United States v. Abimbola Ajayi*, Nos. 25-4523, 25-4536**
**Letter pursuant to Fed. R. App. P. 28(j) and Local Rule 28(e)**

Dear Clerk:

We write to call the Court's attention to the Supreme Court's decision in *Chatrie v. United States*, which is enclosed. The Court held that "an individual has a legitimate expectation of privacy in . . . his cell phone's—meaning his own—movements." Majority Op. at 13. Law enforcement officers "invade that expectation . . . when they acquire that information, even though for only a limited period of time and even though via a third-party tech company." *Ibid.* The Court specified that the precision, retrospective nature, and personal use of the information all led to a privacy interest. *Id.* at 16-18. It emphasized that even a limited intrusion can violate the Fourth Amendment, and that such an intrusion must be evaluated without reference to its results. *Id.* at 18-23.

In doing so, the Court clarified that it had held in *Miller* only that "a bank depositor had no reasonable expectation of privacy in *cancelled checks and deposit slips* in his bank's possession." *Id.* at 24 (emphasis added).

In dissent, Justice Alito stated that the Court's opinion took the country down a path towards "giving criminal suspects a protected Fourth Amendment interest in any sensitive personal information about them that is collected and owned by third parties." Dissenting Op. at 1 (quotations omitted). He observed that "[d]ebit and credit cards might be viewed as comparably indispensable to participation in modern society," and that "modern bank records contain similarly comprehensive accounts of Americans' private lives." *Id.* at 19 (quotations omitted).

Furthermore, Justice Jackson (joined by Justice Sotomayor) concurred to raise concerns about the reasonableness of warrants that would permit the search of entire Google accounts.

Because the reasonableness of a search may turn in part on the precision of the location data, Majority Op. at 16-17, we have received the government's consent to supplement the appendix with the bank records that were obtained. We will move to file the supplemental appendix once it has been completed.

Sincerely,

*/s/ Jonathan Knowles*
Jonathan Knowles
GOROKHOV, PC
BURNHAM & GOROKHOV
1634 I Street NW, Suite 575
Washington, DC
(347) 273-1828
Jonathan@BurnhamGorokhov.com
*Attorney for Defendant-Appellant*
*Abimbola Ajayi*

*/s/ Christopher Leibig*
Christopher Leibig
LAW OFFICES OF CHRISTOPHER LEIBIG
421 King Street #505
Alexandria, VA 22314
(703) 683-4310 (phone)
(703) 574-1497 (fax)
Chris@chrisleibiglaw.com
*Attorney for Defendant-Appellant*
*Abiodun Ogunwale*

cc: Counsel for the United States (via ECF)